IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TERRELL ANTHONY HARGROVE,**

  Petitioner,

v.                 Civil Action No. **3:14CV75**

**ERIC D. WILSON,**

  Respondent.

## MEMORANDUM OPINION

Terrell Anthony Hargrove, a federal inmate proceeding *pro se* and *in forma pauperis*, submitted this 28 U.S.C. § 2241 petition (hereinafter "§ 2241 Petition," ECF No. 1), in which he alleges that he is entitled to credit for "*Willis*" time, which arises from the holding in *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971). The matter is before the Court for evaluation of Respondent's Motion to Dismiss, or, in the Alternative, for Summary Judgment (hereinafter "Motion for Summary Judgment," ECF No. 7).

**A.**   **Standard for Receiving Credit for "*Willis*" Time Served**

While 18 U.S.C. § 3585(b)(2)[1] bars crediting a federal prison term with time already counted toward another sentence, the Fifth Circuit in *Willis* created an exception recognized by the Bureau of Prisons (hereinafter "BOP"). *Winston v. Stansberry*, No. 3:10CV631, 2011 WL

---

[1] That statute provides:

> **(b) Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> . . .
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

2693383, at *2 (E.D. Va. July 11, 2011) (citing *Willis*, 438 F.2d at 925), *aff'd*, 472 F. App'x 199 (4th Cir. 2012). Under *Willis*, the BOP grants prior custody credit, even if it results in "double-credit" toward a state sentence, when two conditions are met: (1) a prisoner's state and federal sentences run concurrently; and, (2) the federal sentence full term release date is equal to or greater than the state sentence full term release date. *Id.* (citing *Willis*, 438 F.2d at 925). Under these conditions, the BOP credits the federal sentence for time spent in *state pre-sentence* custody that begins on or after the date of the federal offense, and runs to the imposition of the first sentence. *Id.* Pursuant to this policy, prisoners sentenced to concurrent terms of imprisonment for state and federal charges, for whom credit towards the state sentence ultimately fails to reduce the duration of their incarceration due to the longer concurrent federal sentence, may receive federal credit towards their sentence for that time in non-federal pre-trial custody.

## B. Procedural History

On November 20, 2003, a judge in the Circuit Court for the County of Chesterfield (hereinafter "Circuit Court") sentenced Hargrove to five years and four months' imprisonment, with all but four months suspended, for eluding police. *See Commonwealth v. Hargrove*, No. CR03F00352–01 (Va. Cir. Ct. Nov. 20, 2003).[2] The Court also imposed a five-year term of probation. *Id.*

On November 5, 2005, while Hargrove was on probation for the November 2003 Chesterfield conviction, members of the Richmond Police Department and Federal Bureau of Investigation executed a search warrant, recovering a firearm and 17.7 grams of cocaine base

---

[2] *See* http://www.courts.state.va.us/courts/circuit/chesterfield/ (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information"; select "Chesterfield Circuit Court" from drop-down menu and follow "Begin" button; type "Hargrove, Terrell," and then follow "Search by Name" button; then follow hyperlink for "CR03F00352–01").

from Hargrove's safe. (Statement of Facts ¶¶ 2–3, *United States v. Hargrove*, No. 3:06CR26 (E.D. Va. filed May 1, 2006); Criminal Complaint Affidavit ¶¶ 3–6, *United States v. Hargrove*, No. 3:06CR26 (E.D. Va. filed Nov. 7, 2005).) State authorities initiated criminal charges for probation violation, possession of a controlled substance, possession of marijuana with intent to distribute, possession of a firearm by a felon, and possession of a firearm while possessing drugs. (Resp't's Mem. Supp. Mot. Summ. J. Ex. 1 ("Kelly Declaration") ¶ 6 (citations omitted), ECF No. 8–1.) The state dismissed all charges except for the probation violation. (*Id.*) On February 21, 2006,[3] the Circuit Court found that Hargrove had violated the terms of his probation, and sentenced Hargrove to four years and eight months imprisonment for Hargrove's probation violation, with all but eight months suspended. *See Commonwealth v. Hargrove*, No. CR03A00352–01 (Va. Cir. Ct. Feb. 21, 2006).

Based upon the conduct leading to Hargrove's November 5, 2005 arrest, a federal grand jury indicted him on one count of conspiracy to distribute and possession with intent to distribute cocaine base (Count One), possession of firearm in furtherance of drug trafficking crime (Count Two), and possession of a firearm by a convicted felon (Count Three). Indictment, *United States v. Hargrove*, No. 3:06CR26 (E.D. Va. filed Jan. 17, 2006). On May 1, 2006, Hargrove pled guilty, pursuant to a plea agreement, to Counts One and Two. Plea Agreement ¶ 1, *United States v. Hargrove*, No. 3:06CR26 (E.D. Va. filed May 1, 2006). On July 11, 2006, the Court sentenced Hargrove to 84 months of imprisonment for Count One, and 60 months of imprisonment for Count Two, to be served consecutively. Judgment at 2, *United States v.*

---

[3] *See* http://www.courts.state.va.us/courts/circuit/chesterfield/ (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information"; select "Chesterfield Circuit Court" from drop-down menu and follow "Begin" button; type "Hargrove, Terrell," and then follow "Search by Name" button; then follow hyperlink for "CR03A00352–01").

*Hargrove*, No. 3:06CR26 (E.D. Va. July 11, 2006). The Court held that this sentence would "run concurrent to the sentence imposed on February 21, 2006 in the Circuit Court for Chesterfield County, Virginia." *Id.*[4]

On June 16, 2008, the Court granted Hargrove's Motion for Retroactive Application of Sentencing Guidelines to a Crack Cocaine Offense pursuant to 18 U.S.C. § 3582, and reduced Hargrove's sentence for Count One to 70 months. Order Granting Motion to Reduce Sentence, *United States v. Hargrove*, No. 3:06CR26 (E.D. Va. filed June 16, 2008). On January 5, 2012, the Court granted an additional 18 U.S.C. § 3582 Motion, reducing Hargrove's sentence for Count One to 60 months. Order Granting Motion to Reduce Sentence, *United States v. Hargrove*, No. 3:06CR26 (E.D. Va. filed Jan. 5, 2012). Hargrove's current total sentence for Counts One and Two is 120 months.

The Court received Hargrove's § 2241 Petition on January 28, 2014. On July 3, 2014, Respondent filed a "Motion for Summary Judgment." On July 23, 2014, the Court received from Hargrove a Response to the Respondent's Motion (hereinafter "Petitioner's Response," ECF No. 10).

C.   **Summary of Hargrove's Claims**

Hargrove contends that "pursuant to *Willis v. United States*, 438 F.2d 923 . . . , this Court must issue and order . . . the Respondent [to credit] all time entitled to this petitioner, under Willis Time Credit, because petitioner was, and currently still is, in service of a concurrent sentencing term . . . ." (Mem. Supp. § 2241 Pet. 11, ECF No. 2.) Although Hargrove's § 2241 Petition does not specify how much credit Hargrove requests, it appears he believes *Willis*

---

[4] Although the Court ordered that Hargrove serve the state and federal sentences concurrently, this was not possible, as Hargrove's state sentence terminated on June 26, 2006, and his federal sentence did not commence until July 11, 2006, the date of his federal sentencing. (Kelly Decl. ¶¶ 9–10.)

entitles him to a federal sentence credit from the date of his arrest through the end of his July 2006 Chesterfield sentence for violating probation. (*See* Pet'r's Resp. 2 ("[T]he [federal] judge obviously intended that the credit be given for the time served back to November 5, 2005 and continuing through June 26, 2006.")) Hargrove challenges Respondent's denial of this credit, alleging that because the United States "'borrowed' [him] from state custody through a federal writ [of habeas corpus *ad prosequendum*]," he was in federal custody as of March 8, 2006. (Mem. Supp. § 2241 Pet. 2.) For the reasons set forth below, the Court will GRANT Respondent's Motion for Summary Judgment.

### D. Standard for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, a court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835

(4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "'[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed.'" *Id.* (quoting *Munson*, 81 U.S. at 448). Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

Respondent asks the Court to grant summary judgment and dismiss the § 2241 Petition because Hargrove has already received all the credit to which he is entitled for time served. In support of his argument, Respondent submitted the declaration of Forest B. Kelly, a Program Specialist at the Designation and Sentence Computation Center of the BOP. (Kelly Decl.) Hargrove responded by submitting a sworn Response (ECF No. 10). In light of the foregoing principles and submissions, the facts set forth below are established for purposes of the Motion for Summary Judgment.

### E. Summary of Pertinent Facts

On March 8, 2006, while serving his state sentence for violating probation, Hargrove transferred to a federal facility pursuant to a writ of habeas corpus *ad prosequendum*. (Kelly Decl. ¶ 8 (citation omitted).) He completed his state sentence on June 26, 2006, while being held pursuant to that writ. (*Id.* ¶ 9.) His federal sentence commenced on July 11, 2006, the date of his federal sentencing. (*Id.* ¶ 10.) The BOP credited Hargrove for the period of time between

when his state custody ended on June 26, 2006 and his federal sentence began on July 11, 2006. (*Id.* ¶ 13.)

**F.     Analysis**

*Willis* credits are only available for time spent in *non-federal* presentence custody, *before* either a state or federal sentence is imposed. Because Hargrove received credit against his state sentence for all time spent in custody prior to his state sentencing, and did not spend additional time in state custody because of the federal charges, the concerns articulated in *Willis* are not present and no further credit is warranted.[5] Moreover, Hargrove fails to satisfy the threshold requirement for credit under *Willis*, because his federal and state sentences did not run concurrently. His state sentence ended on June 26, 2006 and his federal sentence began on July 11, 2006. Accordingly, Hargrove finished serving his state sentence before his federal sentence commenced, making Hargrove ineligible for additional credit toward his federal sentence under *Willis*.[6]

---

[5] Furthermore, a central concern animating *Willis*, although not explicitly stated in BOP policy, was that the state had denied the defendant, Willis, bond or bail solely because of a detainer for pending federal charges. *Willis*, 438 F.2d at 925. The evidence presented here suggests that the Commonwealth of Virginia held Hargrove because of pending state charges and his serving a subsequent state sentence for violating probation, not because of a federal detainer.

[6] Hargrove's contention that he was in federal custody when held pursuant to a writ of habeas corpus *ad prosequendum* is clearly erroneous:

> A federal sentence does not begin to run . . . when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum*. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation. This rule derives from the fact that the federal writ of habeas corpus *ad prosequendum* merely loans the prisoner to federal authorities.

*United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998) (citations omitted).

7

To the extent Hargrove alleges that the Court intended to grant him federal sentence credit for the entirety of his time in state custody, his argument fails because federal judges may not award credit against federal sentences for time spent in state custody—the Attorney General, through the Bureau of Prisons, possesses that authority pursuant to 18 U.S.C. § 3585(b). *United States v. Wilson*, 503 U.S. 329, 333–34 (1992). The Court finds no error in Respondent's calculation of Hargrove's sentence. Hargrove's claim to entitlement for time served in state custody toward his federal sentence lacks merit, and will be DISMISSED.

G. **Conclusion**

Respondent's Motion for Summary Judgment (ECF No. 7) will be GRANTED. Hargrove's 28 U.S.C. § 2241 petition will be DENIED. The action will be DISMISSED.

The Clerk is directed to send a copy of the Memorandum Opinion to Hargrove. And it is so ORDERED.

Date: 2/3/15
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge